NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUSTIN PAULO, | No. 24-23 |
| Plaintiff - Appellant, | D.C. No. 2:19-cv-00474-CDS-NJK |
| v. | MEMORANDUM[*] |
| BRIAN WILLIAMS; JULIE MATOUSEK; MONIQUE HUBBARD-PICKETT; BOB FAULKNER; Doctor ALBERT CASTELLAN; Doctor LOUISA SANDERS; HAROLD WICKHAM; JAYMIE CABRERA; JEREMY BEAN; JULIO CALDERIN; Doctor MARTIN NAUGHTON; MICHAEL MINEV; N. PERET; Doctor CRAIG ROSE; RICHARD SNYDER, | |
| Defendants - Appellees. | |
| JUSTIN PAULO, | No. 24-1083 |
| Plaintiff - Appellee, | D.C. No. 2:19-cv-00474-CDS-NJK |
| v. | |
| BRIAN WILLIAMS; JULIE MATOUSEK; MONIQUE HUBBARD-PICKETT; BOB FAULKNER; Doctor ALBERT CASTELLAN; Doctor LOUISA | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

SANDERS; HAROLD WICKHAM; JAYMIE CABRERA; JEREMY BEAN; JULIO CALDERIN; Doctor MARTIN NAUGHTON; MICHAEL MINEV; N. PERET; Doctor CRAIG ROSE; RICHARD SNYDER,

        Defendants - Appellants.

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Argued and Submitted June 6, 2025
Pasadena, California

Before: HURWITZ, MILLER, and SUNG, Circuit Judges.

In this 42 U.S.C. § 1983 action, Justin Paulo asserts that Nevada Department of Corrections ("NDOC") officials violated the First, Eighth, and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The district court granted summary judgment to Defendants on Paulo's Eighth Amendment claim based on inadequate outdoor exercise time, concluding that Paulo had failed to exhaust the prison's grievance process before he filed his initial complaint. The district court granted summary judgment to Paulo on his Free Exercise and RLUIPA claims and denied Defendant Julio Calderin qualified immunity from damages on Paulo's Free Exercise claim. The court then granted Paulo's motion for certification of final judgment on his outdoor exercise claim, and Paulo timely appealed (Appeal No. 24-23). Approximately two

2

months later, Defendants appealed the district court's denial of qualified immunity (Appeal No. 24-1083).

### **I. Appeal No. 24-23**

We vacate the summary judgment to Defendants on Paulo's outdoor exercise claim and remand for further proceedings.

We conclude, first, that the district court did not err in certifying final judgment. We review a district court's Federal Rule of Civil Procedure Rule 54(b) certification de novo, asking "whether the certified order is sufficiently divisible from the other claims such that the case would not inevitably come back to this court on the same set of facts." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (cleaned up). Paulo's outdoor exercise claim is legally distinct from his other claims, making it unlikely that any hypothetical future appeal would seek review of the same issues presented in the instant appeal. *See, e.g.*, *Int'l Longshore & Warehouse Union v. ICTSI Or., Inc.*, 863 F.3d 1178, 1185–86 (9th Cir. 2017); *Jewel*, 810 F.3d at 628. Certification was therefore proper.

However, we conclude that the district court erred in holding that Paulo failed to exhaust the prison's grievance process as required by the Prison Litigation Reform Act ("PLRA"). PLRA "exhaustion requirements apply based on when a plaintiff files the operative complaint." *Saddozai v. Davis*, 35 F.4th 705, 708 (9th Cir. 2022) (citation omitted). Paulo submitted his operative complaint to the

3

district court on August 7, 2020, along with a motion to amend. He exhausted his outdoor exercise claim as of August 3, 2020, when prison officials failed to respond to his grievance within the time required by regulation. *See* NDOC Admin. Reg. 740.07(3); *Andres v. Marshall*, 867 F.3d 1076, 1078–79 (9th Cir. 2017). Because Paulo exhausted his outdoor exercise claim before he submitted his operative complaint, the district court erred in granting summary judgment to Defendants on their exhaustion defense. We therefore vacate the district court's judgment and remand to the district court to consider the merits of Paulo's claim and Defendants' qualified immunity defense. *See Hargis v. Foster*, 312 F.3d 404, 411–12 (9th Cir. 2002) (declining to address qualified immunity where the district court did not reach the issue); *Jackson v. Fong*, 870 F.3d 928, 937 & n.5 (9th Cir. 2017) (same).

**VACATED AND REMANDED.**[1]

## II. Appeal No. 24-1083

Defendants' appeal (Appeal No. 24-1083) is hereby severed from Paulo's appeal (Appeal No. 24-23). The question of whether Defendants' appeal is timely is already under consideration in *McNeil v. Gittere*, 23-3080. We therefore withdraw submission in Defendants' appeal and hold it in abeyance pending issuance of the mandate in *McNeil*. The Clerk shall administratively close the

---

[1] Defendants shall bear the costs on appeal.

4

5

docket in Appeal No. 24-1083 pending further order.